UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| MARIO A. TAYLOR, | : | VIOLATIONS: |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| Defendant. | : | (Unlawful Possession with Intent to |
| | : | Distribute a Mixture and Substance |
| | : | Containing a Detectable Amount of |
| | : | Phencyclidine) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | 18 U.S.C. § 924(c)(1) |
| | : | (Using, Carrying and Possessing a |
| | : | Firearm During a Drug Trafficking |
| | : | Offense) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |

## I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about June 1, 2017, within the District of Columbia, **MARIO A. TAYLOR**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance.

(**Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT TWO

On or about June 1, 2017, within the District of Columbia, **MARIO A. TAYLOR**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the District Court for the District of Columbia, Criminal Case No. 02-CR-462 and in the Superior Court for the District of Columbia, Criminal Case No. 1993-FEL-3053, did unlawfully and knowingly receive and possess firearms, namely, a Remington 1911 .45 caliber semi-automatic pistol, a Glock 43 9mm semi-automatic pistol, and a Palmetto .223 caliber rifle and did unlawfully and knowingly receive and possess ammunition, namely, .45 caliber ammunition, 9mm ammunition, and .223 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

> (**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT THREE

On or about June 1, 2017, within the District of Columbia, **MARIO A. TAYLOR**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is, Count One of this Indictment, which is incorporated herein, firearms, namely, a Remington 1911, .45 caliber semi-automatic pistol, a Glock 43, 9mm semi-automatic pistol, and a Palmetto, .223 caliber rifle.

> (**Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Section 924(c)(1))

# FORFEITURE ALLEGATION

1.  Upon conviction of either of the offenses alleged in Counts Two and/or Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to, a Remington 1911, .45 caliber semi-automatic pistol, a Glock 43, 9mm semi-automatic pistol, and a Palmetto, .223 caliber rifle and .45 caliber ammunition, 9mm ammunition, and .223 caliber ammunition.

2.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.